# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| KAY L. BRAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-05030-CV-SW-RED-SSA |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Kay Brand ("Plaintiff") seeks judicial review of the Commissioner's denial of her request for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 410 *et seq.*, as amended and the denial of his request for supplemental security income (SSI) benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.* Plaintiff has exhausted all of her administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g) and Section 1631 of the Act, 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Commissioner.[1]

## I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record fully sets forth his findings and such will not be

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful

activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff argues one point of error, that the ALJ erred by failing to assign proper weight to the opinions of Plaintiff's treating sources. Plaintiff claims that Dr. Warner, D.O. and Dr. Gonzalez, M.D. were treating sources for her physical and mental disabilities. The Court notes that Plaintiff was only seen by Dr. Gonzalez on one occasion, raising some question as to the correct classification of him as a "treating source." However, the Court finds that even if Dr. Gonzalez's status is correctly one of a "treating" physician, the ALJ properly discounted the opinions of Dr. Warner and Dr. Gonzalez and his opinion was supported by the substantial evidence of the record.

As a general rule, the courts grant deference to a treating physician's findings as the treating source has the best chance to observe and evaluate a claimant's medical condition. *Morse v. Shalala*,

3

16 F.3d 865, 872 (8th Cir. 1994). However, even though it is generally entitled to substantial weight, an opinion is not conclusive merely because it comes from a treating physician. *Kelly v. Callahan*, 122 F.3d 583, 589 (8th Cir. 1998). Rather, the ALJ may reject the opinion of any medical expert that is inconsistent with the medical record as a whole. *Bentley v. Shalala*, 52 F.3d 784, 787 (8th Cir. 1995). Further, the opinion of a treating physician must be supported by medically acceptable clinical or diagnostic data. *Kelly*, 133 F.3d at 589.

In Plaintiff's case, the ALJ specifically discussed and discounted both the opinion of Dr. Warner and that of Dr. Gonzalez. The ALJ found the opinion of Dr. Warner to be excessively limiting, as it was in a checklist form and gave few reasons to support the limitations he noted. This is consistent with the Eighth Circuit's view that Residual Functional Capacity ("RFC") checklists give little weight in the evaluation of a disability. *Taylor v. Chater*, 118 F.3d 1274, 1279 (8th Cir. 1997). Moreover, although Dr. Warner opined that Plaintiff could not lift more than five (5) pounds, and could not stand an walk for more than 15 minutes at a time for a total of less than one (1) hour in an eight-hour work day, at the hearing Plaintiff testified that her capacities exceeded these limitations.

Dr. Warner's own treatment notes also call his assessment into question. Each of the three times he treated Plaintiff, Dr. Warner noted that she appeared healthy, and generally assessed her condition in a positive manner. The notes did not bear out the restrictions Dr. Warner gave as to her ability to stand and walk. Indeed, his primary area of concern appears to be with her liver function and abdominal pains. Add to this the other treatment records in evidence, including Dr. Page who treated her leg after surgery, to whom Plaintiff made no further complaints about leg pain until she injured herself in July of 2003 with a weed eater. Dr. Seidl also treated Plaintiff on numerous

4

occasions, mostly citing his findings as "normal" and that her liver disease was "normal."

As for Dr. Gonzalez, he opined that Plaintiff had marked to moderate limitations in several areas. In his treatment notes from his one occasion, Dr. Gonzalez noted that she had a "depressed" affect and was "anxious" but that she was alert, oriented, and cooperative. Mainly, the notes reflect what Plaintiff stated to Dr. Gonzalez during the session. Nothing in these notes bear out the extreme limitations he later assessed to Plaintiff. Accordingly, it appears the ALJ reviewed all the medical evidence, resolved conflicts in the evidence, and arrived at a Residual Functional Capacity in accordance with the Commissioner's regulations and applicable law that will not be disturbed on appeal. *See Pearsall*, 274 F.3d at 1219; *Weber v. Apfel*, 164 F.3d 431, 432 (8th Cir. 1999) (finding that the ALJ can discount evidence from physicians in light of contrary evidence in the record). This finding is supported by the record as a whole.

### IV. Conclusion

Upon a review of the record, the Court finds that substantial evidence supports the ALJ's findings in regard to the weight to allocate to the treating physicians and that the decision as a whole is supported by substantial evidence. Accordingly, it is hereby

ORDERED that the decision of the ALJ is **AFFIRMED.**

DATE: December 13, 2005         */s/ Richard E. Dorr*
                                RICHARD E. DORR, JUDGE
                                UNITED STATES DISTRICT COURT

5